UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:23-CV-00170-JHM**

**JERMAINE SNEED, SR.**                                                                                          **PLAINTIFF**

**v.**

**LOUISVILLE METRO POLICE DEPARTMENT**                                                **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Jermaine Sneed, Sr., filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. [DN 1]. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the claims set forth in the complaint.

**I.**

Plaintiff sues the Louisville Metro Police Department ("LMPD"). He is currently incarcerated in the Louisville Metro Detention Center as a pretrial detainee.

Plaintiff alleges that on April 8, 2020, an LMPD officer unlawfully pulled over Plaintiff and his girlfriend in Louisville, Kentucky. According to Plaintiff, after obtaining Plaintiff's identification card, the LMPD officer returned accompanied by two other officers. Plaintiff contends that without warning these officers opened Plaintiff's door and began pulling him out of the car aggressively. Plaintiff asserts that out of fear for his life, he ran from the officers, and once he observed the officers pull their weapons, he surrendered. Plaintiff alleges that the officers arrested Plaintiff and charged him with fleeing and evading arrest. Plaintiff maintains that the charges were eventually dismissed. Plaintiff states that he is "filing this lawsuit due to the racial profiling and bias policing that occurred that lead to unlawful imprisonment and oppressive prosecution that unlawfully attempted to get me to plede guilty to charges that was charged without reasonable probale cause to be ultimately dismissed." [*Id.* at 5].

The Court construes the complaint as asserting a Fourth Amendment claim against the LMPD for an unlawful traffic stop and subsequent arrest. Plaintiff seeks compensatory and punitive damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action" (the "discovery" rule). *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019)). In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's Fourth Amendment claims because the claims "would be untimely either way." *Id.* at 1162.

The Court finds that the same is true of Plaintiff's Fourth Amendment claim based upon an allegedly unlawful traffic stop. Plaintiff had a complete cause of action, and his claim was "'discovered (or should have [been] discovered)'" on the date of the traffic stop. *Lamb v. Carver*, No. 1:19-CV-108, 2021 WL 1816459, at *1 (S.D. Ohio May 6, 2021) (quoting *Dibrell*, 984 F.3d

3

at 1162); *see also Barnes v. Stratton*, No 3:16-CV-214-DJH, 2017 WL 903468, at *7 (W.D. Ky. Mar. 7, 2017) (holding that claims arising out of a traffic stop accrued on the date of the traffic stop because the plaintiff "knew or should have known of the injury that forms the basis of his claims on that date").

In this action, Plaintiff alleges than an unconstitutional traffic stop occurred on April 8, 2020. Therefore, Plaintiff had until April 8, 2021, at the latest, to bring this action. Although the complaint does not state on what date Plaintiff handed it over to prison officials for mailing to the Court, absent evidence to the contrary, the Court must assume that he did so on the date he signed the complaint. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Thus, the Court deems the date of filing as March 21, 2023, the date Plaintiff indicates he signed the complaint. Using this date means that Plaintiff filed this action almost two years after the expiration of the one-year statute of limitations.

**IV.**

For the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See, e.g., Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

*Joseph H. McKinley* (signature)

Joseph H. McKinley Jr., Senior Judge
United States District Court

August 30, 2023

cc: Plaintiff, *pro se*
4414.014